```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
FORTESA QORROLLI,                        :
                                         :
                      Plaintiff,         :     18cv6836 (DLC)
                                         :
            -v-                          :     OPINION AND ORDER
                                         :
METROPOLITAN DENTAL ASSOCIATES, D.D.S.   :
- 225 BROADWAY, P.C. et al.,             :
                                         :
                      Defendants.        :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff Fortesa Qorrolli:
Zachary Ian Holzberg
Derek Smith Law Group, PLLC
One Penn Plaza, Suite 4905
New York, NY 10119

For defendants Metropolitan Dental Associates, D.D.S. - 225 Broadway, P.C., Metropolitan Dental Associates, D.D.S., P.C., Mario Orantes and Paul I. Cohen:
David Christopher Wims
David Wims, Law Offices
1430 Pitkin Avenue, 2nd Floor
Brooklyn, NY 11233

DENISE COTE, District Judge:

Plaintiff Fortesa Qorrolli is a dental hygienist and has brought employment discrimination claims against her former employer and two of her supervisors. She asserts that the defendants subjected her to sex discrimination and a hostile work environment and retaliated against her by forcing her resignation, in violation of federal, state, and city

antidiscrimination statutes. The defendants have moved for summary judgment on all claims. For the reasons set forth below, the motion is granted in part.

## Background

The following facts are undisputed or taken in the light most favorable to the plaintiff, unless otherwise noted. Qorrolli is a licensed dental hygienist. In December 2009, defendant Dr. Paul I. Cohen hired her to work full time at his Manhattan dental practice, which is owned by defendants Metropolitan Dental Associates, D.D.S. - 225 Broadway, P.C. and Metropolitan Dental Associates, D.D.S., P.C. (together, "MDA"), and at which Dr. Cohen and other dentists worked. Qorrolli worked at MDA for almost seven years until she resigned in May 2016.

Qorrolli's primary duties were treating patients and performing dental cleanings. As the head hygienist at MDA, she was also responsible for setting the schedule for all the hygienists.

Defendant Mario Orantes, the Office Manager, supervised the hygienists at MDA and reported to Dr. Cohen. Orantes had the authority to hire and fire hygienists, so long as he did so with Dr. Cohen's knowledge.

Qorrolli asserts that Orantes made sexual advances and harassed her throughout her tenure at MDA by touching her and commenting on her appearance, and by verbally abusing her in front of Dr. Cohen.  MDA had no written policy about reporting discrimination or sexual harassment in the workplace.  Qorrolli asserts that some point, possibly in 2015, she complained to Dr. Cohen that she would not give in to Orantes' sexual advances in order to make him stop harassing her.  Dr. Cohen did not take any action in response to this statement.

Qorrolli asserts that in early 2016, she wrote a letter (the "Letter") and, while "crying and shaking," handed it to Dr. Cohen in the lunchroom at MDA.  Qorrolli reports that Dr. Cohen stated that he did not have time to read it at that moment but promised to do so.  Qorrolli never heard anything from Dr. Cohen in response to the Letter.  Dr. Cohen denies ever receiving the Letter.

In the Letter, Qorrolli complains about excessive hours, being forced to work harder than the other hygienists, taking the blame for the lapses of other staff, and enduring Orantes' and Dr. Cohen's constant insults about her intelligence and productivity.  The Letter did not describe instances of Orantes touching her or making sexualized comments.

About a half an hour after Qorrolli gave the Letter to Dr. Cohen, Orantes approached her. She told him that she was "starting to feel very uncomfortable" and asked him to "back off." Orantes "disappeared," but thereafter intensified his practice of summoning Qorrolli to Dr. Cohen's office and doing so "pretty much every single day" in order to berate her over her work performance and to threaten to fire her.

Qorrolli received a one-page form titled Employee Warning Notice, dated May 2, 2016, citing her for poor work performance (the "Warning"). The Warning describes the poor performance as "texting on the phone" and "patient complained." Later that month, Qorrolli resigned in a text she sent to Dr. Cohen.

Qorrolli filed this action on July 30, 2018. Qorrolli alleges that the two corporate defendants and the two individual defendants subjected her to a hostile work environment and retaliated against her in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 et seq..[1]

Following the close of discovery, the defendants filed a motion for summary judgment on all claims pursuant to Rule 56,

---

[1] Qorrolli also asserts a negligence claim. The parties' summary judgment papers do not address this claim.

Fed. R. Civ. P.  In support of the motion, the defendants submitted the deposition testimony of Qorrolli, Orantes, and Dr. Cohen.[2]  The plaintiff's opposition included the deposition of Bonnie Cohen, who is Dr. Cohen's sister and an MDA employee, an anonymous letter purportedly faxed to the MDA office on October 12, 2015, various text message conversations between the plaintiff and coworkers, the Letter, and the Warning.  This action was reassigned to this Court on September 9, 2021.

## Discussion

The defendants have moved for summary judgment on all claims.  Summary judgment may be only be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "To present a genuine issue of material fact sufficient to defeat a motion for summary judgment, the record must contain contradictory evidence such that a reasonable jury could return a verdict for the nonmoving party." Horror Inc. v. Miller, 15 F.4th 232, 241 (2d Cir. 2021)

---

[2] The declaration of defendants' counsel dated June 10, 2021, purported to submit the full transcripts for these three depositions but failed to attach them.  The full transcripts of Orantes' and Dr. Cohen's depositions, and a partial transcript of Qorrolli's deposition, were filed by plaintiff's counsel in opposition on July 16.  In response to an Order, the defendants filed the full transcript of Qorrolli's deposition on December 2.

(citation omitted).  Material facts are those facts that "might affect the outcome of the suit under the governing law."  Choi v. Tower Rsch. Cap. LLC, 2 F.4th 10, 16 (2d Cir. 2021) (citation omitted).  In considering a motion for summary judgment, a court "construe[s] the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant."  Kee v. City of New York, 12 F.4th 150, 158 (2d Cir. 2021) (citation omitted).

"Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."  Robinson v. Concentra Health Servs., Inc., 781 F.3d 42, 44 (2d Cir. 2015) (citation omitted).  The nonmoving party may rely neither "on conclusory statements or on contentions that the affidavits supporting the motion are not credible," CIT Bank N.A. v. Schiffman, 948 F.3d 529, 532 (2d Cir. 2020) (citation omitted), nor on "mere speculation or conjecture as to the true nature of the facts," Fed. Trade Comm'n v. Moses, 913 F.3d 297, 305 (2d Cir. 2019) (citation omitted).

I.  Hostile Work Environment Claims

Qorrolli asserts that the defendants engaged in sex discrimination by subjecting her to a hostile work environment in violation of Title VII, the NYSHRL, and the NYCHRL.  The

defendants contend that they are entitled to summary judgment on these claims because Qorrolli has not produced any witnesses or documents to corroborate her allegations about Orantes' comments and sexual advances, and because Orantes' conduct is insufficient to establish a hostile work environment.  This motion is denied.

"The standards for evaluating hostile work environment . . . claims are identical under [federal law] and the NYSHRL." Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C., 716 F.3d 10, 14 (2d Cir. 2013).  To prove that she was subjected to a hostile work environment, a plaintiff must show that the defendant's conduct "(1) is objectively severe or pervasive -- that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's sex." Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007) (citation omitted).  A workplace is objectively hostile when it is "so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of his or her employment were thereby altered." Agosto v. New York City Dep't of Educ., 982 F.3d 86, 101 (2d Cir. 2020) (citation omitted).

Defendants argue that summary judgment should be granted because Qorrolli relies only on her testimony to support her claims of Orantes' repeated abuse.[3] Qorrolli's testimony is sufficient to raise a genuine dispute of material fact about the existence and pervasiveness of Orantes' harassment. To the extent that the defendants contend that Qorrolli's testimony should not be believed, her credibility must be tested at trial. See Green v. Town of E. Haven, 952 F.3d 394, 406 (2d Cir. 2020) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

Defendants also argue that Qorrolli cannot prevail on her hostile work environment claims because, even taking the alleged facts as true, the instances of unwanted sexual advances and touching were not sufficiently severe or pervasive. Qorrolli's testimony, taken in the light most favorable to her, is sufficient to raise triable issues about whether Orantes'

---

[3] Qorrolli offers screenshots of text messages between herself and three coworkers to show that Orantes had sexual relationships with other employees. These documents are inadmissible hearsay if offered to prove the existence of such relationships. Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 264 (2d Cir. 2009) ("[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment."). She also offers an anonymous letter allegedly faxed to the office on October 12, 2015 to show that Dr. Cohen was on notice of Orantes' alleged office affairs. She has offered no evidence that Dr. Cohen was aware of the letter; Dr. Cohen has testified that he never saw it.

sexualized remarks and touching were so pervasive and abusive that they altered her working conditions.

Claims under the NYCHRL must be analyzed "separately and independently from any federal and state law claims" because the NYCHRL is to be construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013) (citation omitted). To prevail on a hostile work environment claim under the NYCHRL, Qorrolli "need only show differential treatment -- that [she] is treated 'less well' -- because of a discriminatory intent." Id. at 110 (citation omitted). As summary judgment must be denied under the stricter standards of Title VII, it is also denied with respect to the NYCHRL.

II. Retaliation Claims

Qorrolli asserts that the defendants retaliated against her, principally for complaints of discrimination that were contained in the Letter she gave to Dr. Cohen. She contends that the defendants retaliated against her by giving her the Warning and by Orantes increasing his verbal abuse, which caused her constructive discharge. The defendants' motion for summary judgment on these claims is granted.

Under federal and state law, to prove retaliation a plaintiff must establish that "(1) she engaged in protected

activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." Kelly, 716 F.3d at 14 (citation omitted).  For a plaintiff to establish that she was engaged in protected activity, the plaintiff need only "have had a good faith, reasonable belief that [she] was opposing an employment practice made unlawful by Title VII." Id. (citation omitted).

Protected activity need not consist of a formal complaint of discrimination; an "internal complaint to company management" can constitute a protected activity under Title VII.  Kotcher v. Rosa & Sullivan Appliance Ctr., Inc., 957 F.2d 59, 65 (2d Cir. 1992).  The plaintiff's complaint, however, cannot have been so generalized that the employer "could not reasonably have understood that she was complaining of conduct prohibited by Title VII."  Rojas v. Roman Cath. Diocese of Rochester, 660 F.3d 98, 108 (2d Cir. 2011) (citation omitted).

It is assumed that Qorrolli gave the Letter to Dr. Cohen. Even with that assumption, however, Qorrolli fails to show that the Letter constitutes protected activity.  The Letter does not identify any of the instances of sexual harassment that Qorrolli offers in support of her hostile work environment claim or contain any other complaint that could be understood as a

complaint of sex discrimination. The Letter contains only Qorrolli's generalized complaints about oppressive working conditions such as excessive hours and the use of abusive language. The Letter is not reasonably understood as describing "conduct prohibited by Title VII." Rojas, 660 F.3d at 108.

In opposition to this motion, Qorrolli identifies as well two other instances of conduct which she contends constitute protected activity. She asserts that her statement to Orantes as he approached her in the Spring of 2016 to "back off" constitutes protected activity. This statement is too vague to be reasonably understood as a complaint about behavior prohibited by Title VII as opposed to, for instance, a complaint about Orantes' practice of berating her or simply a statement that she wanted to be left alone at that moment.

Finally, Qorrolli contends that she engaged in protected activity by rebuffing Orantes' unwelcome sexual advances on numerous occasions. Qorrolli admits, however, that Orantes never directly propositioned her, and that she never uttered a verbal complaint to what she characterizes as his sexual advances. She reports that she rebuffed Orantes indirectly by using silence, freezing him out, or turning her face away. This evidence would not permit a jury to find that Qorrolli was

11

communicating, with sufficient clarity, her opposition to sex discrimination or sexual harassment.[4]

Even under the broader standard of the NYCHRL as described above, the defendants are entitled to summary judgment on Qorrolli's retaliation claim.  "[T]o prevail on a retaliation claim under the NYCHRL, the plaintiff must show that she took an action opposing her employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." Mihalik, 715 F.3d at 112.  For the reasons set forth above, Qorrolli has not shown that she took an action opposing discrimination.

---

[4] The Second Circuit has not reached the question of whether merely rejecting a harasser's sexual advances constitutes an independent protected act under Title VII, and judges in this District are divided.  See Mihalik, 715 F.3d at 115, n.12; see also Williams v. New York City Dep't of Educ., No. 19 CIV. 1353 (CM), 2019 WL 4393546, at *11 (S.D.N.Y. Aug. 28, 2019) (collecting cases).

## Conclusion

The defendants' June 10, 2021 motion for summary judgment is denied with the following exception. The defendants are granted summary judgment on Qorrolli's claims of retaliation under Title VII, the NYSHRL, and NYCHRL.

Dated:   New York, New York
         December 22, 2021

_____
DENISE COTE
United States District Judge