```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
FORTESA QORROLLI,                        :
                                         :
                          Plaintiff,     :       18cv6836 (DLC)
                                         :
              -v-                        :       MEMORANDUM OPINION
                                         :           AND ORDER
METROPOLITAN DENTAL ASSOCIATES, D.D.S.   :
- 225 BROADWAY, P.C. et al.,             :
                                         :
                          Defendants.    :
                                         :
-----------------------------------------X
```

APPEARANCES:

For plaintiff Fortesa Qorrolli:
Zachary Ian Holzberg
Derek Smith Law Group, PLLC
One Penn Plaza, Suite 4905
New York, NY 10119

For defendants Metropolitan Dental Associates, D.D.S. - 225
Broadway, P.C., Metropolitan Dental Associates, D.D.S., P.C.,
Mario Orantes and Paul I. Cohen:
David Christopher Wims
David Wims, Law Offices
1430 Pitkin Avenue, 2nd Floor
Brooklyn, NY 11233

DENISE COTE, District Judge:

On January 7, 2022, plaintiff Fortesa Qorrolli moved for reconsideration of the December 22, 2021 Opinion (the "December 21 Opinion"), which granted in part the defendants' motion to dismiss all of Qorrolli's claims. Qorrolli seeks reconsideration of the dismissal of her retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et

seq., the New York State Human Rights Law, N.Y. Exec. L. § 290 et seq., and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 et seq.  The motion for reconsideration is denied.

As a threshold matter, the motion is improperly filed.  The plaintiff first attempted to move for reconsideration of the December 21 Opinion in a letter motion of December 29, 2021.  As a motion for reconsideration may not be brought through a letter pursuant to Local Civil Rule 6.3, an Order of January 3, 2022 terminated the letter motion.  The plaintiff refiled the motion on January 7 in the form of a declaration of plaintiff's counsel.  Local Civil Rule 6.3 requires that a notice of motion for reconsideration be served with a memorandum of law within fourteen days after the entry of the Court's determination of the original motion.  Qorrolli's second attempt to move for reconsideration was filed two days after the close of the fourteen-day window and without the required memorandum of law.  Although this Order addresses the declaration's argument, plaintiff's counsel is reminded that it must comply with the local rules of this District.

The December 22 Opinion is incorporated by reference, and familiarity with it is assumed.  See Qorrolli v. Metro. Dental Assocs., D.D.S. - 225 Broadway, P.C., No. 18CV6836 (DLC), 2021 WL 6064520 (S.D.N.Y. Dec. 22, 2021).  The standard for granting a motion for reconsideration is "strict."  Cho v. Blackberry

Ltd., 991 F.3d 155, 170 (2d Cir. 2021).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surv., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  Cho, 991 F.3d at 170 (citation omitted).  "A party may . . . obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Id. (citation omitted).  The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court."  Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

     Qorrolli has not satisfied the standard for a motion for reconsideration.  Qorrolli contends that the Court overlooked the following clause in her opposition brief to the defendants' motion: that she had engaged in protected activity by "complaining directly to Defendant [Dr. Paul I.] Cohen on numerous occasions . . . ."  She argues that this is a separate instance of protected activity that the December 22 Opinion failed to address.

This argument is unavailing. In full, Qorrolli's opposition brief argues that she "engaged in protected activity by persistently rebuffing and rejecting Defendant Orantes' unwelcome advances, as well as complaining directly to Defendant Cohen on numerous occasions -- even detailing her complaints in a written letter that Ms. Qorrolli personally handed to Defendant Cohen." The December 22 Opinion analyzed that letter and determined that it had not identified any instances of sexual harassment. Qorrolli, 2021 WL 6064520 at *4. There is nothing in Qorrolli's opposition brief or in the cited excerpts of her deposition to suggest that the written letter omitted anything that was stated in her verbal complaints to Dr. Cohen. Qorrolli's deposition citations provide no detail or explanation about the content of these complaints.

## Conclusion

Qorrolli's January 7, 2022 motion for reconsideration is denied.

Dated:   New York, New York
         January 13, 2022

                                    _____
                                    DENISE COTE
                                    United States District Judge