**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------X
FORTESA QORROLLI,

                                   Plaintiff,

                  -against-

METROPOLITAN DENTAL ASSOCIATES, D.D.S. – 225
BROADWAY, P.C.,
METROPOLITAN DENTAL ASSOCIATES, D.D.S., P.C.,
MARIO ORANTES, individually, and
DR. PAUL I. COHEN, individually,

                                Defendants.
---------------------------------------------------X

Civil Action No.: 18CV6836 (DLC)

**PROPOSED JOINT PRE-TRIAL ORDER**

**PLEASE TAKE NOTCE** that the parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions and agreements are adopted as the Pretrial Order herein:

The full Caption of the Action appears above.

*Trial Counsel:*

For Plaintiff – Zachary Holzberg, Esq., Derek Smith Law Group, PLLC, One Penn Plaza, Suite 4905, New York, NY 10119, (800) 807-2209, zachary@dereksmithlaw.com, fax: .

For all Defendants – David C. Wims, Esq., Law Office of David Wims, 1430 Pitkin Avenue, 2nd Floor, Brooklyn, NY 11233, 646-393-9550, dwims@wimslaw.com, fax: 646-393-9552.

*Jurisdiction*

    Plaintiff: Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto. Additionally, this Court

has supplemental jurisdiction under the State law causes of action asserted in this action.

On or about July 28, 2016, Plaintiff submitted a Charge with the U.S. Equal Employment Opportunity Commission ("EEOC"). On or about May 1, 2018, Plaintiff received a Right to Sue Letter from the EEOC. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

Defendants:  Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*; and the Court has subject matter jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) as there is a common nucleus of operative facts.

### *Claims and Defenses to be Tried*

Plaintiff: Plaintiff Fortesa Qorrolli is a dental hygienist and has brought employment discrimination claims against her former employer and two of her supervisors. She asserts that the defendants subjected her to sex discrimination and a hostile work environment.

Qorrolli asserts that Orantes made sexual advances and harassed her throughout her tenure at MDA by touching her and commenting on her appearance, and by verbally abusing her in front of Dr. Cohen. MDA had no written policy about reporting discrimination or sexual harassment in the workplace. Qorrolli asserts that some point, possibly in 2015, she complained to Dr. Cohen that she would not give in to Orantes' sexual advances in order to make him stop harassing her. Dr. Cohen did not take any action in response to this statement. In May 2016, Qorrolli resigned from her employment with Defendants.

The following claims are to be tried:

- Count I – Title VII
  Sex/Gender Discrimination against The MDA Entities

2

- Count III – New York State Executive Law § 296
  Sex/Gender Discrimination against all defendants

- Count V – New York State Executive Law § 296
  Aiding and Abetting against all defendants

- Count VI - Administrative Code of City of NY § 8-107
  Sex/Gender Discrimination against all defendants

- Count VIII - Administrative Code of City of NY § 8-107
  Aiding and Abetting against all defendants

- Count IX - Administrative Code of City of NY § 8-107
  Employer Liability for Discriminatory Conduct

- Count X - Administrative Code of City of NY § 8-107
  Interference with Protected Rights

- Count XI – New York State Law
  Negligence

Defendants: Plaintiff's surviving claims are: (1) Title VII gender discrimination (1st cause of action); (2) New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 *et seq* gender discrimination and aiding and abetting (3rd and 5th causes of action); (3) New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq* gender discrimination, aiding and abetting and interference (6th, 8th and 9th causes of action). The Court previously dismissed Plaintiff's retaliation claims (2nd, 4th and 7th causes of action) on summary judgment.

### *Jury/Non-Jury*

This case is to be tried with a jury, likely four (4) days.

### *Trial Before Magistrate Judge*

All parties do **not** consent to trial by a Magistrate Judge.

### *Witness Lists*

Each party reserves the right not to offer testimony of any designated witness.

Each party reserves the right to offer live or deposition testimony (where authorization by FRCP 32) of any witness designated by any other party.

Each party reserves the right to offer live or deposition testimony from rebuttal witnesses.

Plaintiff:

1. Fortesa Qorrolli. Plaintiff is expected to testify in-person regarding her employment; Defendant Orantes sexually harassing her and subjecting her (and others) to a hostile work environment on the basis of her sex/gender; her complaints to Defendant Cohen; her termination; and her emotional distress.

2. Mario Orantes. Defendant Orantes was and is the office manager at MDA. He is expected to testify in-person regarding plaintiff's employment.

3. Dr. Paul Cohen. Defendant Cohen was and is the owner of MDA. He is expected to testify in-person regarding plaintiff's employment, as well as Defendant Orantes' employment.

4. Astrid Morales. Defendants employed Ms. Morales during the relevant time period. Ms. Morales is expected to testify in-person regarding the hostile work environment to which Defendant Orantes subjected Plaintiff and other subordinate female employees of MDA.

5. Toya Howard. Defendants employed Ms. Howard during the relevant time period. Ms. Howard is expected to testify in-person regarding the hostile work environment to which Defendant Orantes subjected Plaintiff and other subordinate female employees of MDA.

6. Mercedes Vila. Defendants employed Ms. Vila during the relevant time period. Ms. Vila is expected to testify in-person regarding the hostile work

environment to which Defendant Orantes subjected Plaintiff and other subordinate female employees of MDA.

7. Nexhmije Qorrolli (Plaintiff's mother). Defendants employed Ms. Qorrolli during the relevant time period. Ms. Qorrolli is expected to testify in-person regarding the hostile work environment to which Defendant Orantes subjected Plaintiff and other subordinate female employees of MDA. Ms. Qorrolli is expected to testify regarding Plaintiff's emotional distress.

8. Angela Orantes. Defendants employed Mrs. Orantes during the relevant time-period. Mrs. Orantes is expected to testify in-person regarding the hostile work environment to which Defendant Orantes subjected Plaintiff and other subordinate female employees of MDA.

9. Bonnie Cohen. Defendants employed Mrs. Cohen during the relevant time-period. Mrs. Cohen is expected to testify in-person regarding complaints pertaining to Defendant Orantes subjecting Plaintiff and other subordinate female employees of MDA to a hostile work environment on the basis of their sex/gender.

10. Rosa D'Angelo. Defendants employed Ms. D'Angelo during the relevant time-period. Ms. D'Angelo is expected to testify in-person regarding complaints pertaining to Defendant Orantes subjecting Plaintiff and other subordinate female employees of MDA to a hostile work environment on the basis of their sex/gender.

11. Jeanette Sanchez. Defendants employed Ms. Sanchez during the relevant time-period. Ms. Sanchez is expected to testify in-person regarding

      complaints pertaining to Defendant Orantes subjecting Plaintiff and other subordinate female employees of MDA to a hostile work environment on the basis of their sex/gender.

12. Gregory Levitin, MD. Dr. Levitin is expected to testify in-person regarding Plaintiff's emotional distress.

13. Seung Ho Lee, MD. Dr. Lee is expected to testify in-person regarding Plaintiff's emotional distress.

Defendants:

1. Dr. Paul Cohen (in-person) – Will testify that he was unaware of any alleged sexual harassment of Plaintiff by Defendant Orantes, or anyone else, and that Plaintiff never complained to him of sexual harassment by Defendant Orantes, or anyone else; and

2. Mario Orantes (in-person) – Will testify that he worked with Plaintiff daily; that he never sexually harassed her, or anyone else; that Plaintiff never complained to him that he was sexually harassing her, or in any way making her uncomfortable; and that Dr. Cohen never told him that Plaintiff complained of sexual harassment.

## *Deposition testimony*

Plaintiff:

    Plaintiff reserves the right to use any portion of the following deposition transcripts for impeachment purposes as the testimony necessary for impeachment purposes cannot be identified until the time of trial. Neither party anticipates the need to present deposition testimony instead of live testimony, except for refreshing recollection, impeachment or rebuttal purposes. Notwithstanding the foregoing, the parties will use the following portions in their case-in-chief/defense:

| Witness Name | Portion(s) of Deposition Transcript | Basis for Objection |
|---|---|---|
| **Plaintiff's Transcripts** | | |
| Mario Orantes | A marked copy will be exchanged upon request. | |
| Paul Cohen | A marked copy will be exchanged upon request. | |
| Bonnie Cohen | A marked copy will be exchanged upon request. | |
| Jeanette Sanchez | A marked copy will be exchanged upon request. | |
| Rosa D'Angelo | A marked copy will be exchanged upon request. | |

Defendants: Defendants do not intend to offer deposition testimony.

*Exhibits*

Plaintiff:

    A.    Each party reserves the right not to offer any of the exhibits listed below.

    B.    Each party reserves the right to offer and use any of the exhibits for more than one purpose.

    C.    Each party reserves the right to offer any exhibit designated by any other party to this Pre-Trial Order.

    D.    Each party reserves the right to offer additional exhibits at trial for purposes of defense, impeachment, rebuttal or rehabilitation.

    E.    Each party reserves the right to offer, for good cause shown, additional exhibits following the submission of this Pre-Trial Order.

The parties have identified their objections to each other's exhibits by indicating the number of the applicable Federal Rule of Evidence in the margin. The parties reserve the right to make additional objections (except on grounds of authenticity) based on the purpose for which an exhibit is offered at trial.

**Plaintiff's Trial Exhibits**

| Exhibit | Objection | Basis for Objection |
| --- | --- | --- |
| 1<br><br>Plaintiff 01-60 | ** | |
| 2<br><br>Plaintiff's Supplemental 0001-0011 | ** | |
| 3<br><br>Plaintiff 350-559 | ** | |
| 4<br><br>MDADocs2 | ** | |
| 5<br><br>MDADocs3 | ** | |
| 6<br><br>MDADocs4 | ** | |
| 7<br><br>MDADocs5 | ** | |
| 8<br><br>MDADocs6 | ** | |

| | | |
|---|---|---|
| 9 Recording "Blaming Me For Other People Not Doing Theyre Srp Why I Didn%27t Catch It" | Yes | Authenticity, relevance |
| 10 Recording "Bullshit Want Is To Do everything Assistant Job Too Impossible" | Yes | Authenticity, relevance |
| 11 Recording "Fiona Admits Mistake" | Yes | Authenticity, relevance |
| 12 Recording "Front Desk Talk Sharifa" | Yes | Authenticity, relevance |
| 13 Recording "More Front Desk" | Yes | Authenticity, relevance |
| 14 Recording "Sharifa recording" | Yes | Authenticity, relevance |
| 15 Text Messages produced by Defendants (no bates stamps – 63 page document) | ** | |

Defendants: Defendants do not intend to offer exhibits in their case in chief.

DATED: _____

NEW YORK, NEW YORK

**<u>SO ORDERED</u>**

_____
U.S. DISTRICT JUDGE