```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
FORTESA QORROLLI,                        :
                                         :
                          Plaintiff,     :
                                         :      18cv6836 (DLC)
               -v-                       :
                                         :    MEMORANDUM OPINION
METROPOLITAN DENTAL ASSOCIATES, D.D.S.   :         AND ORDER
- 225 BROADWAY, P.C., et al.,            :
                                         :
                          Defendants.    :
                                         :
-----------------------------------------X
```

APPEARANCES:

For plaintiff:
Zachary Ian Holzberg
Derek Smith Law Group, PLLC
One Penn Plaza, Suite 4905
New York, NY 10119

For defendants:
David Christopher Wims
David Wims, Law Offices
1430 Pitkin Avenue, 2nd Floor
Brooklyn, NY 11233

DENISE COTE, District Judge:

On August 28, 2022, the defendants moved to exclude the testimony of three witnesses whom the plaintiff did not disclose she would call before the submission of the pretrial order. The plaintiff opposed the motion on September 16, and the defendants replied to the opposition on September 23. For the following reasons, the motion is granted.

The Court assumes familiarity with its prior Opinion in this case, and summarizes only the facts relevant to this motion.  See Qorrolli v. Metro. Dental Assocs., D.D.S., 18CV06836, 2021 WL 6065420 (S.D.N.Y. Dec. 22, 2021).  Fortesa Qorrolli filed this action on July 30, 2018, alleging that the defendants sexually harassed, discriminated, and retaliated against her while she was employed by them as a dental hygienist.  The case was transferred to this Court on September 9, 2021.  On December 22, this Court granted summary judgment to the defendants on the plaintiff's retaliation claims, leaving Qorrolli's claims for negligence and sex discrimination for trial.  Id. at *5.

On January 13, 2022, the Court denied the plaintiff's motion for reconsideration.  Qorrolli v. Metro. Dental Assocs., 18CV06536, 2022 WL 125823 (S.D.N.Y. Jan. 13, 2022).  Through an Order of January 20, the Court attempted to schedule the case for trial to occur in April 2022.  Citing medical reasons, the plaintiff requested a lengthy adjournment of the trial.  An Order of February 22 granted the plaintiff's request and placed the case on the September 2022 trial-ready calendar.  When the parties were notified that the case would be tried on September 26, they jointly requested a further adjournment.  On August 25, they were advised of the October 24 trial date.

The parties submitted the proposed pre-trial order on August 26, 2022. The plaintiff disclosed that she intends to call 13 witnesses at trial. On August 28, the defendants moved to exclude testimony from three of the witnesses on the ground that the plaintiff had not previously disclosed her intention to call these individuals to testify at trial. These witnesses are: Dr. Seung Ho Lee, the plaintiff's psychiatrist; Dr. Gregory Levitin, another doctor who examined the plaintiff; and Angela Orantes, the wife of one of the defendants. Qorrolli has stated that she intends to call Orantes to testify regarding her husband's affairs with other female employees at Metropolitan Dental Associates, and that she intends to call Doctors Lee and Levitin to testify regarding her emotional distress.

The Federal Rules of Civil Procedure require parties to promptly disclose the witnesses that the party intends to rely upon at trial. Fed. R. Civ. P. 26(a)(3). If a party fails to disclose information or identify a witness pursuant to Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). To determine whether exclusion of the witness is warranted, a district court must consider four factors:

> (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the

3

>    prejudice suffered by the opposing party as a result
>    of having to prepare to meet the new testimony; and
>    (4) the possibility of a continuance.

Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006).

The balance of these factors weighs in favor of exclusion. With respect to the first factor, the plaintiff has not explained why she failed to disclose these witnesses sooner. The failure to timely identify the two doctors is particularly egregious and the plaintiff has not explained that failure. She of course knew the identities of her examining physicians, whose records she produced in discovery. The plaintiff concedes that she was also aware of Orantes' identity and connection to the defendant. The plaintiff states that she only recently learned, after discovery had closed, that Orantes had discoverable information. But she has not provided any explanation as to why she did not pursue discovery regarding Orantes while fact discovery was still pending or identify Orantes in her Rule 26 disclosures. The plaintiff's explanation is therefore inadequate to justify her failure to disclose.[1]

The second factor weighs in favor of excluding Orantes, and slightly against exclusion of Doctors Lee and Levitin. The

---

[1] The plaintiff has offered to submit an ex parte affidavit to explain the circumstances under which she became aware that Orantes had discoverable information. The defendants would be deprived of an opportunity to respond to the plaintiff's explanation if this request were granted, and in any event the other factors support preclusion.

4

plaintiff has stated that she intends to call Orantes to testify about her husband's affairs with other female employees. But the plaintiff identifies Orantes as one of eight witnesses she might call to testify regarding her husband's sexual harassment of other female employees. The plaintiff has not explained why Orantes's testimony, in contrast with that of her other witnesses, is uniquely important to her case.

The second factor weighs against the exclusion of Doctors Levitin and Lee. The plaintiff explains that she intends to call Doctors Levitin and Lee to testify to her emotional distress, and that the majority of the damages she seeks are emotional distress damages. Even if the doctors are excluded, however, the plaintiff may still testify about her own emotional distress.

The third factor weighs strongly in favor of the exclusion of all three witnesses. The defendants are significantly prejudiced by the identification of the three witnesses so close to trial. Orantes and her husband, a defendant in this action, are currently in divorce proceedings. The plaintiff has not previously provided any information about Orantes's intended testimony, and no discovery regarding Orantes has been conducted.

The plaintiff argues that the defendants would not be prejudiced by testimony from Doctors Levitin and Lee because

5

medical records from the plaintiff's consultation with those doctors were already produced in discovery.  But such production did not put the defendants on notice that the plaintiff intended to call Doctors Levitin and Lee as witnesses.  The production of medical records is a means of preserving the plaintiff's right to seek more than "garden variety" emotional distress damages. See Lore v. City of Syracuse, 670 F.3d 127, 177-78 (2d Cir. 2012); cf. In re Sims, 534 F.3d 117, 138 (2d Cir. 2008) (waiver of psychotherapist-patient privilege is not required if the plaintiff only seeks "garden variety" damages).  It is not a substitute for notice of a witness.  At this stage, the defendants have no reasonable ability to pursue further discovery into this issue -- for example, by deposing Doctors Lee and Levitin or by retaining an expert to examine the plaintiff and testify on behalf of the defendants at trial. Allowing Doctors Lee and Levitin to testify at trial would therefore significantly prejudice the defendants.

Finally, the fourth factor weighs strongly in favor of exclusion.  A continuance would be highly disruptive.  This case proceeds to trial in less than four weeks.  It was initially filed over four years ago, and has been trial-ready for nearly a year.  It would have proceeded to trial in April but for the plaintiff's request for a lengthy adjournment.  See Design Strategy, Inc. v. Davis, 469 F.3d 284, 297 (2d Cir. 2006)

6

(finding that this factor weighed heavily toward exclusion when discovery had been closed for a year and a half and when there only a short time left before trial). Additionally, the plaintiff cannot rely on the possibility of a continuance "when there is no indication . . . that [s]he requested a continuance" after identifying new witnesses. Patterson, 440 F.3d at 118.

The balance of these four factors weighs strongly in favor of exclusion. The Federal Rules of Civil Procedure are intended to promote the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Rule 26's requirements are constructed to serve that purpose. The plaintiff has not shown that she should be allowed to escape the consequences of her disregard of those requirements. The defendants' motion is therefore granted.

### Conclusion

The defendants' August 28 motion to exclude Angela Orantes, Dr. Gregory Levitin, and Dr. Seung Ho Lee is granted.

Dated: New York, New York
September 29, 2022

_____
DENISE COTE
United States District Judge