**Law Office of David Wims**
1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
Phone: (646) 393-9550
Fax: (646) 393-9552
email: dwims@wimslaw.com
http://www.wimslaw.com

October 17, 2022

Any response to this letter shall be submitted by the plaintiff by 4 pm on 10/18/22.
Denise Cote
10/18/22

**BY ECF**

United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312
Attn: Honorable Denise L. Cote

**Re:** ***Fortesa Qorrolli v. MDA et al* (18CV6836)(DLC)(OTW)**

Dear Judge Cote,

I am the attorney for Defendants in the above referenced action. This correspondence shall serve as Defendants' letter motion to quash Plaintiff's subpoenas *duces tecum* to Dr. Seung Ho Lee, M.D., Gregory Levitin, M.D. and Defendant MDA for its financial records; and Plaintiff's trial subpoenas to Defendants Paul I. Cohen, D.D.S. and Mario Orantes, all of which are attached as Exhibit 1.

Plaintiff's subpoenas *duces tecum* to Dr. Seung Ho Lee, M.D. and Gregory Levitin, M.D. request Plaintiff's medical records from the named Physicians. These subpoenas seek relevant documents and therefore should have been served during discovery, complying with the Court's scheduling orders. In fact, the subpoenas to Dr. Lee and Levitin are dated October 3, 2022 and indicate the return date as October 19, 2022. Therefore, these subpoenas do not allow sufficient time for the Physicians to respond. These requests could have been made during discovery, as the subpoenas do not seek certified records. In addition, the subject medical records do not contain any opinion from the Physicians about causation, thus rendering them irrelevant. For these reasons, said subpoenas should be quashed.

In addition, Plaintiff's subpoenas *duces tecum* to Defendant MDA for its financial records also is

untimely since it was served after the close of discovery. In addition, service of said subpoena was defective, as it was not personally served on Defendant, but emailed to its attorney, in violation of Rule 45. The subpoena also does not provide a reasonable amount of time to comply, given that it is dated October 10, 2022 and its return date is October 19, 2022. This subpoena also violates the Court's previous order in which Magistrate Wang ruled that Defendants were not required to produce said financial records. (Attached as Exhibit 2, page 7, lines 2-3). Therefore, the law of the case controls here and Magistrate Wang's prior ruling on this issue is dispositive. For these reasons, said subpoena *duces tecum* should be quashed.

Finally, Plaintiff's trial subpoenas to Defendants Cohen and Orantes should be quashed because Plaintiff's counsel failed to sign them, no witness feed were included, and service of said subpoenas was defective, as they were not personally served on Defendants, but emailed to their attorney, in violation of Rule 45. The subpoenas also do not provide a reasonable amount of time to comply, given that they are dated October 5, 2022 and their return date is October 24, 2022. For these reasons, said trial subpoenas should be quashed.

Prior to making the instant application, I requested Plaintiff's counsel to withdraw said subpoenas based on the above. He refused and thus the instant application was necessary. No prior request for the relief demanded herein has been made.

Thank You for Your time and attention. Kindly direct any questions to the undersigned.

Respectfully yours,

/s/

David C. Wims, Esq. (DW-6964)

Cc: Honorable Ona T. Wang (By ECF)
Zack Holzberg, Esq. (By ECF)