

January 31, 2023

**VIA ECF**
The Honorable Denise Cote, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

Re: <u>Fortesa Qorrolli v. Metropolitan Dental Associates, D.D.S. - 225 Broadway, P.C., et al</u>
No. 1:18-CV-6836-DLC-OTW

Dear Judge Cote,

As you know, our office represents the Plaintiff in the above action. I write this letter in accordance with Your Honor's instructions at the final pre-trial conference on January 26, 2023, regarding the admissibility of various evidence.

As a preliminary matter, we respectfully request reconsideration of Your Honor's ruling regarding the admissibility of the anonymous fax dated October 12, 2015 ("Plaintiff's Exhibit 1"). As Your Honor is aware, Defendants did not object to a single item on Plaintiff's exhibit list during the first trial. See Trial Tr. 7:13-8:4. Moreover, Your Honor admitted Plaintiff's Exhibit 1 during the first trial on the basis of notice – not for the truth of the matter asserted. Now, Plaintiff seeks to introduce Plaintiff's Exhibit 1 on the same basis for which it was previously admitted. Your Honor ruled that the jury may not see Plaintiff's Exhibit 1. As a result, we respectfully request that Your Honor reconsider and permit Plaintiff to introduce Exhibit 1 into evidence. The fax is highly relevant with respect to Defendants' notice of ongoing sexual harassment and their failure to act. This goes not only to liability, but also reckless indifference as this pertains to punitive damages.

The following is a list of the remaining items discussed with Your Honor: 1) reputation evidence regarding Defendant Orantes'; 2) Plaintiff's medical records from Dr. Seung Ho Lee; 3) Mercedes Vila deposition testimony; and 4) Plaintiff's conversations with Defendants' employees (including her mother).

First, Your Honor previously admitted reputation evidence regarding Defendant Orantes. Plaintiff is perplexed as to the basis for which it would now be excluded. Significantly, the Federal Rules of Evidence ("FRE") 803(21) specifically provides that "A reputation among a person's associates or in the community concerning the person's character," is an exception to the rule against hearsay. Moreover, it is well-established precedent that FRE 803(21) extends to an individuals workplace. See *Benoit v. Metro. Transportation Auth.*, No. 15 CIV. 6095(JFK), 2016 WL 6902190, at *6 (S.D.N.Y. Nov. 21, 2016)(Benoit's statement that "it was 'widely known throughout the

Department that Officer Benjamin would fail to step up to aid a partner in trouble,' ", is excepted from the rule against hearsay under Federal Rule of Evidence 803(21).) (internal citations omitted); *see also Sadowy v. Sony Corp. of Am.*, 93 F.R.D. 450, 452 (S.D.N.Y. 1982) (Certainly, Ms. Fiegel may properly testify as to Sadowy's reputation in the electronics industry. Thus, she may offer that Sadowy's reputation is that he was fired by Sonam for committing fraud. Furthermore, she may testify that in her opinion this reputation is the reason Sadowy cannot find work.). Based on the foregoing, we respectfully request that Your Honor permit Plaintiff to testify regarding Defendant Orantes' reputation at his place of employment.

Second, as discussed on record with Your Honor, Plaintiff's medical records from Dr. Seung Ho Lee ("Plaintiff's Exhibit 2") are admissible for several reasons. Nevertheless, Your Honor expressed reservation regarding Dr. Lee's diagnosis of Post-Traumatic Stress Disorder ("PTSD"); however, the record is clear that Plaintiff has no past psychiatric history, no prior history of a psychiatric disorder, has never been psychiatrically hospitalized, and has never received outpatient mental health treatment. To the contrary, it is clear from Dr. Lee's notes that "Ms. Qorrolli attributes her depressive symptoms to problems in the workplace." Furthermore, Plaintiff testified at trial,

> "Q: When you spoke with Dr. Lee, please tell the jury what you communicated to him.
>
> A: I told Dr. Lee that I needed help, that I was going through a situation that I am no longer seeing a way out. I explained to him things that Mario put me through, things that Dr. Cohen put me through. Dr. Lee was also aware that both me and my mother were working there at the same time so that is the reason why we had to stay there and I stayed so long taking all of this harassment, sexual harassment, mental abuse, verbal abuse. These are the things we spoke about."
>
> Trial Tr. 150:14-24.

Plaintiff unambiguously established that she sought treatment with Dr. Lee as a result of her employment with Defendants. Dr. Lee's diagnoses of panic disorder, PTSD, and major depressive disorder were based entirely on Plaintiff's employment – nothing else. As a result, we respectfully request that Your Honor admit Plaintiff's Exhibit 2 with no restrictions regarding Plaintiff's diagnosis of PTSD.

Next, we respectfully submit that Mercedes Vila testimony is admissible (whether she appears in-person or is unavailable and we introduce her deposition testimony). Plaintiff proffers that Ms. Vila will testify to the following: 1) she joined Plaintiff in complaining to Defendant Cohen about Defendant Orantes' unwelcome sexual advances; 2) she personally experienced unwelcome sexual advances from Defendant Orantes; and 3) she personally observed Defendant Orantes make unwelcome sexual advances toward Plaintiff. Based on the foregoing, Ms. Vila's testimony is directly relevant to Plaintiff's claim for hostile work environment, as well as punitive damages.

As discussed at the first trial before Your Honor, with respect to punitive damages, what is relevant to punitive damages under the Federal standard is different than what is relevant under the New

York City standard. Plaintiff has claims under both Federal Law as well as New York City Law (and New York State Law).

The standard under New York City law is "conscious disregard of the rights **of others** or conduct so reckless as to amount to such disregard" (*see Home Ins. Co.*, 75 N.Y.2d at 203–204, 551 N.Y.S.2d 481, 550 N.E.2d 930). *Chauca v. Abraham*, 30 N.Y.3d 325, 334, 89 N.E.3d 475, 481 (2017)" The standard under the federal law is "reckless indifference to the ... protected rights of **an aggrieved individual**." *Chauca v. Abraham*, 30 N.Y.3d 325, 332, 89 N.E.3d 475, 480 (2017).

The significant difference is "disregard of the right of others" versus "rights of an aggrieved individual." Because the New York City standard concerns disregard to others, not just the plaintiff, any prior act showing disregard for another's rights is relevant for punitive damages purposes, not just prior acts similar to the complained of acts or to the Plaintiff, him or herself.

Lastly, Plaintiff's conversations with Defendants' employees are admissible under FRE 801(d)(2)(D) as statements made by a party opponent. Here, it is undisputed that Plaintiff engaged in conversations with Defendants' employees regarding a matter within the scope of their employment relationship while it existed. Thus, these conversations are admissible in support of Plaintiff's hostile work environment claim. *See Attis v. Solow Realty Development Co.*, S.D.N.Y.2007, 522 F.Supp.2d 623 (Alleged statements of employer's executive assistant to employee that she was to obtain treatment for her depression before returning to work and that, in meantime, her job was safe, were admissible in opposition to summary judgment in favor of employer in disability discrimination suit under hearsay exception for statements of agent or servant within scope of agency or employment.).

Our office met and conferred with Defendants' counsel regarding the above items in accordance with Your Honor's instructions; however, the parties could not reach an agreement.

Thank you for the Court's attention to this matter.

Respectfully submitted,

DEREK SMITH LAW GROUP, PLLC

/s/Zack Holzberg
Zack Holzberg

Cc: Counsel for Defendants (via ECF)