

# Law Office of David Wims

1430 Pitkin Ave., 2nd Floor
Brooklyn, NY 11233
Phone: (646) 393-9550
Fax: (646) 393-9552
email: dwims@wimslaw.com
http://www.wimslaw.com

February 2, 2023

**BY ECF**

United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312
Attn: Honorable Denise L. Cote

**Re:**     ***Fortessa Qorrolli v. MDA et al*** **(18CV6836)(DLC)(OTW)**

Dear Judge Cote,

I am the attorney for Defendants in the above referenced action. This letter shall serve as Defendants' response to Plaintiff's Letter ("Letter") dated January 31, 2023. See Docket #164.

First, the Court has already ruled upon the admissibility of the anonymous letter at the 1/26/2023 pre-trial conference. Other than the Plaintiff's dissatisfaction with that ruling, there is no additional reason presented to warrant reconsideration. The Court should not reconsider, or even revisit, its previous ruling that the anonymous letter which Plaintiff seeks to introduce into evidence at trial is inadmissible. It is textbook hearsay, unsigned, unsworn and serves no purpose but to emotionally enflame the jury, which is what it did in the first trial of this matter.

Plaintiff erroneously argues that Defendants raised no objections to the anonymous letter at the first trial. This is untrue. The parties' proposed, joint pre-trial order at page 7 (Attached as Exhibit 1) says in relevant part "…parties reserve the right to make additional objections[.]

Defendants vehemently and repeatedly objected to its use at trial. As discussed by the Court at the 1/26/2023 pre-trial conference, Plaintiff also failed to list its exhibit in the proposed, joint pre-trial order, and instead listed bates stamped page ranges only, many of which encompassed more than one proposed trial exhibit. Plaintiff's exhibit list also fails to identify the number of

pages per exhibit, the correct bate stamp numbers, the date of the documents and any descriptions of the documents.  It should be noted that Plaintiff has now failed to present this properly on both proposed, joint pre-trial orders to date.  As a result, Defendants have not received adequate notice of Plaintiff's proposed exhibits.  As we have previously asserted, admitting the anonymous letter would be highly prejudicial to Defendants, given that they are unable to cross-examine an anonymous letter, or its unknown author.  The mere fact that it is anonymous alone indicates that its reliability should be questioned.  And, it does not satisfy any hearsay exception.

Most importantly, since Defendants acknowledge receipt of the anonymous letter, there is no reason to admit it for the limited purpose of notice of the allegations contained therein.  Especially since Plaintiff's counsel can inquire of Defendants as to the response to the anonymous letter.  The fact that it was admitted for a limited purpose at the previous trial but then misused is one reason a new trial was required, in Defendants' view.  Its admission would be redundant and likely confuse and/or enflame the jury, contrary to Fed. R. Evid. 403.  The Plaintiff has had years to determine who wrote the anonymous letter and call that person to testify at trial.  It apparently has chosen not to do so.  The Court should not relieve Plaintiff of the consequences of its litigation strategy decisions.

Further, the Court has already ruled on the reputation evidence.  Plaintiff again argues that reputation evidence regarding Defendant Mario Orantes should be admitted notwithstanding the Court's ruling to exclude the same at the 1/26/2023 pre-trial conference.  "[E]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a); Fed. R. Evid. 405(a); *United States v. Inniss*, 2019 U.S. Dist. LEXIS 221119 *25 (EDNY 2019).  Plaintiff has no new evidence or information on which to base its request for reconsideration and merely argues that it should be allowed because it might be helpful to Plaintiff's case.  Fed. R. Evid. 405 makes clear that reputation evidence is generally inadmissible except in certain circumstances not present in the case at bar.  Its likely prejudicial effect on the jury should also disqualify it under Fed. R. Evid. 403.  Defendants do not intend to introduce character evidence from Mr. Orantes and as such, it will not be placed in issue.  Therefore, the reputation evidence should be excluded from trial, consistent with the Court's 1/26/2023 ruling on that issue.

Next, Plaintiff argues that Plaintiff's medical records from Dr. Lee should be admitted at trial. (Attached as Exhibit 2).  As indicated previously, Defendants object on the basis of hearsay, lack of foundation and lack of relevance.  The subject records contain no statement about the cause of Plaintiff's diagnoses contained therein, and it is beyond the purview of the lay person jury to make medical conclusions about the causes of Plaintiff's conditions and/or diagnoses.  Allowing the jury to see the subject medical records will likely confuse it and invite the jury to opine as to causation, thus it should be excluded under Fed. R. Evid. 403.  Admission of these records would be highly prejudicial to Defendants.  Plaintiff needs a medical expert to explain the records, but failed to list any expert witnesses in its initial disclosures, which is the reason the Court excluded the medical records during the first trial.  The Court should do the same here.

Further, Plaintiff's medical records include a diagnosis of Post-Traumatic Stress Disorder ("PTSD"), Diagnostic & Statistical Manual IV ("DSM") code 309.81 (attached as Exhibit 3).  The records indicate that this PTSD diagnosis is for a person *who experienced a highly traumatic event when he or she was six years old or younger*.  The record in this case clearly establishes that Plaintiff began working for Defendants in 2009, when she was approximately twenty (20) years old.  Further, Plaintiff and her mother testified at the first trial that they, and the entire family fled the political turmoil in Kosovo when Plaintiff was six years old.  Interestingly, the DSM contains diagnostic criteria for code 309.81 which states:

> A. The person has been exposed to a traumatic event in which both of the following were present:
>
> (1) the person experienced, witnessed, or was confronted with an event or events that involved actual or threatened death or serious injury, or a threat to the physical integrity of self or others
> (2) the person's response involved intense fear, helplessness, or horror. Note: In children, this may be expressed instead by disorganized or agitated behavior

Here, there is no record evidence that the alleged improper conduct of which Plaintiff complains involved actual or threatened death, serious injury or a threat to Plaintiff's physical integrity.  Certainly, being touched twice, even if one believes the Plaintiff, and being admonished for her work performance does none of that.  As such, the medical records are totally irrelevant in the absence of a medical expert to explain them to the jury.  They are also highly prejudicial to Defendants without an expert to explain them to the jury.

The U.S. District Court for the Eastern District of New York recently dealt with a similar issue and stated:

> The Court will not allow the wholesale admission into evidence of Plaintiff's entire medical file. Even though the majority of Plaintiff's medical records likely qualify for the hearsay exception described in Fed. R. Evid. 803(6), the Court must ensure that such records will not be unduly confusing or misleading to lay jurors. See Fed. R. Evid. 403; *Scoma*, 2021 U.S. Dist. LEXIS 85360, 2021 WL 1784385, at *14. To guard against this issue, the Court will allow a party to admit a medical record into evidence only if that party either: (a) identifies "a witness with specialized skill and knowledge" who plans to explain that record to the jury or (b) demonstrates that the record is sufficiently simple that it "do[es] not require specialized knowledge or skill to understand." *Duchnowski v. Cty. of Nassau*, 416 F. Supp. 3d 179, 183 (E.D.N.Y. 2018).

*Brady v. Foodliner, Inc.*, 2022 U.S. Dist. LEXIS 91641 *9 (EDNY 2022).

The lay person jury lacks the required specialized knowledge or skill to understand and interpret the medical records.  Further, it's unclear which actual medical records Plaintiff seeks to admit since its exhibit list in the parties' 1/18/2023 proposed, joint pre-trial order does not specify, as discussed above.  The subject exhibit list contains groups of documents by Bates Stamp ranges, not by exhibits.  This is contrary to the letter and spirit of full disclosure contemplated by the Federal Rules of Civil Procedure and should not be countenanced by this Court.

The Court has already ruled that the deposition testimony of Mercedes Vila is not admissible given that Ms. Vila is not unavailable to testify at trial.  As the Court may recall, Plaintiff claimed at the first trial that Ms. Vila was unavailable to testify in person at trial due to a recent medical diagnosis.  However, when counsel for the parties deposed her, she was at her workplace.  Since she can travel to work, she can travel to the courthouse.  Therefore, her deposition testimony is inadmissible.  Even assuming she was to come to testify in person at trial, her testimony is irrelevant, duplicative and prejudicial.  Plaintiff wishes and intends to present her to testify that she was subjected to improper conduct at the hands of Mario Orantes.  Whether true or not, her testimony will not make Plaintiff's allegations any more or less likely to be true, and would essentially be reputation evidence, which is impermissible as discussed above.

Finally, the Court has already ruled that Plaintiff's alleged conversations with former co-workers to be inadmissible at the 1/26/2023 pre-trial conference.  Those conversations are textbook hearsay and do not qualify as an exception to the hearsay rule.  Plaintiff seeks to offer them for the truth of

the matters asserted therein, which is improper.  Although the Court previously ruled on this issue, Plaintiff seeks reconsideration without additional information and identification of error.  In the vein of preserving scarce judicial resources, the Court should adhere to its earlier ruling on this issue.

The Defendants are quite concerned with the Plaintiff's apparent unwillingness to accept the Court's clear and concise rulings on pre-trial issues, without reason or basis.  It appears that the Plaintiff wishes to enflame the jury.  Zealous lawyering does not amount to just repeating the same arguments again and again.  There is a point when no means no.  The instant parties have crossed that threshold.

Thank You for Your time and attention.  Kindly direct any questions to the undersigned.

Respectfully yours,

/s/

David C. Wims, Esq. (DW-6964)


Cc: Honorable Ona T. Wang (By ECF)
Zack Holzberg, Esq. (By ECF)
Derek Smith, Esq. (By ECF)
Stephen Bergstein, Esq. (By ECF)
Mark Gilwit, Esq. (By ECF)