UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
  FORTESA QORROLLI,

                              Plaintiff,

    -against-

  METROPOLITAN DENTAL ASSOCIATES,
  D.D.S – 225 BROADWAY, P.C.,
  METROPOLITAN DENTAL ASSOCIATES,
  D.D.S., P.C.,
  MARIO ORANTES, individually, and
  DR. PAUL I. COHEN, individually,

                              Defendants.
-----------------------------------------------------------------------X

Civ. Case No.:
1:18-cv-06836-DLC

*ORAL ARGUMENT*
*REQUESTED*

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A NEW PARTIAL TRIAL REGARDING DAMAGES ONLY**

**DEREK SMITH LAW GROUP, PLLC**
**Zachary Holzberg**
**One Penn Plaza, Suite 4905**
**New York, New York 10119**
**(212) 587-0760**

i

Plaintiff Fortesa Qorrolli ("Plaintiff" and/or "Qorrolli") respectfully submits this Memorandum of Law in support of her motion for a new trial specifically on the issue of damages only, in accordance with Fed. R. Civ. P. ("FRCP") 59(a)(1)(A), or in the alternative for an Order amending the judgment entered February 14, 2023, specifically on the issue of damages only, in accordance with FRCP 59(e), together with such other and further relief as this Court may deem just and proper. As illustrated by case law, documentary evidence, and the prior testimony and statements of the parties, there are several reasons as to why a new trial should be granted as a matter of law.

## PRELIMINARY STATEMENT

For the reasons set forth below, Plaintiff respectfully requests that the Court grant a new trial specifically on the issue of damages only:

1) Significant Evidentiary Issues Warrant A New Trial Regarding Damages Only;

2) The Jury's Award Of Nominal Damages Is Not Supported By The Weight Of The Evidence

## ARGUMENT

### I. Significant Evidentiary Issues Warrant A New Trial Regarding Damages Only

As the Court is aware, there were several motions *in limine* regarding the evidence proffered by Plaintiff in this action. Your Honor's Order dated February 2, 2023 (Dkt. No. 168) ruled in relevant part:

- Plaintiff's diary is inadmissible;
- Plaintiff's psychiatric records and her statements to her psychiatrist are inadmissible. Plaintiff may testify ONLY regarding the dates of her appointments and the medications prescribed;
- The deposition testimony of Mercedes Vila, dated October 19, 2022, is inadmissible; and

1

- The anonymous fax dated October 15, 2015, is inadmissible.

Plaintiff takes issue with these rulings, as they are inconsistent with and directly contradict the Court's prior rulings, as well as some are based on improper conjecture not supported by the record.

First, the Court ruled that Plaintiff's diary was inadmissible based on Your Honor's characterization that the diary "reflects a calculated narration of conversations, some of which had to be lengthy conversations." Tr. Trans. 4:9-11. To the contrary, Plaintiff testified that the entries in her diary were recorded immediately after the incidents occurred, with no time to reflect on these incidents prior to entering them into her diary. Id. 118:18-119:17. Plaintiff laid a sufficient foundation to admit the diary under Fed. R. Ev. ("FRE") 803(1), (3), or (5).

It is well-established that in both civil and criminal cases, courts have found diary entries to be admissible evidence. *McDowell v Seaboard Farms of Athens, Inc.*, 95-609-CIV-ORL-19, 1996 WL 684140, at *8 [MD Fla Nov. 4, 1996]; *see also* e.*g., Turpin v. Kassulke* 26 F.3d 1392, 1400 (6th Cir. 1994) (finding admissible a diary entry under Federal Rules of Evidence 404(b) and 403), *cert. denied,* 115 S. Ct. 916 (1995); *United States v. Sheets,* 125 F.R.D. 172, 176 (D. Utah 1989) (finding portions of a diary admissible in evidence pursuant to the residual exceptions to hearsay Rules 803(24) and 804(b)(5)); *United States v. Treff,* 924 F.2d 975, 983 (10th Cir. 1991) (affirming district court's admission of diary entry into evidence under Rules 803(24) or 804(b)(5)), *cert. denied,* 500 U.S. 958 (1991); *United States v. Red Feather,* 865 F.2d 169, 170-71 (8th Cir 1989) (affirming district court's admission of diary entries into evidence under Rule 801(d)(1)(b)); *Greger v. International Jensen Inc.,* 820 F.2d 937, 943 (8th Cir. 1987) (finding diary entries admissible as a past recollection recorded under Rule 803(5)); *Kehm v. Procter & Gamble Manufacturing Co.,* 724 F.2d 613, 625 (8th Cir. 1983) (finding that the district court did not abuse its discretion in admitting diary entries to negate other testimony presented at trial); *Seattle-First*

*National Bank v. Randall,* 532 F.2d 1291, 1295 (9th Cir. 1976) (affirming district court's admission of diaries pursuant to Rule 803(3)'s state of mind exception to the hearsay rule); *United States v. Hobson,* 519 F.2d 765, 772-73 (9th Cir. 1975) (affirming the district court's admission of diary entry for impeachment purposes), *cert. denied,* 423 U.S. 931 (1975). Based on the foregoing, Plaintiff's diary should have been admitted into evidence.

Second, Plaintiff's medical records from Dr. Seung Ho Lee were admissible for several reasons. Significantly, before the first trial, Defendants' counsel made a motion *in limine* to preclude Dr. Lee's records (Dkt. No. 113). On October 10, 2022, Plaintiff provided Defendants' counsel with the relevant records as well as Dr. Lee's certification of these records in accordance with Federal Rules of Evidence 803(6) and 902(11). In response to Defendants' letter, Your Honor's Order dated October 18, 2022, directed the Parties to meet and confer regarding the admissibility of these records. Defendants' counsel responded to our proffer on October 20, 2022, "Having consulted the rules, I believe that the records you had certified and seek to have admitted into evidence at trial are in fact admissible. Therefore, I think we agree." See Ex. D. Nevertheless, the records were not admitted at the first trial.

Moreover, in advance of the second trial, Your Honor stated at the final pretrial conference on January 26, 2023, "I have to say though that I'm inclined to have them come in, but without reference to the traumatic event and PTSD." See Ex. B 29:25-30:2. As discussed at the pretrial conference, the Court's reservation regarding Dr. Lee's diagnosis of Post-Traumatic Stress Disorder ("PTSD") was not supported by the record. Your Honor stated, "Ms. Qorrolli described symptoms of PTSD. She experienced a traumatic event, feelings of intense fear and helplessness were experienced. Now I don't know what that refers to. I don't know if it's her childhood experience of leaving Kosovo." See Ex. B 28:17-24. To the contrary, as raised during the

3

conference, the record is devoid of any evidence that Plaintiff's emotional distress was attributable to anything other than her employment with Defendants. As noted to the Court, Dr. Lee's records specifically indicate that Plaintiff has <u>no past psychiatric history, no prior history of a psychiatric disorder, has never been psychiatrically hospitalized, and has never received outpatient mental health treatment</u>. Thus, it strains credulity that her diagnosis could be attributed to the conjured narrative by Defendants' counsel regarding Plaintiff moving to the United States as a child. Furthermore, Dr. Lee's notes clearly state that "Ms. Qorrolli attributes her depressive symptoms to problems in the workplace." Still, despite Your Honor's statement on January 26, 2023, that the Court was inclined to admit the records, on February 2, 2023, the Court perplexingly deemed the records entirely inadmissible (Dkt. No. 168).

Plaintiff unambiguously established that she sought treatment with Dr. Lee as a result of her employment with Defendants. Dr. Lee's diagnoses of panic disorder, PTSD, and major depressive disorder were based entirely on Plaintiff's employment – nothing else. As a result, we respectfully submit that Plaintiff's medical records were improperly excluded from evidence and a new trial regarding Plaintiff's damages is necessary.

Third, we respectfully submit that Mercedes Vila deposition testimony was admissible and improperly excluded. As the Court is aware, our office subpoenaed Ms. Vila to appear at both trials. Tr. Trans. 161:2-3. In speaking with Ms. Vila, Ms. Vila indicated that she was unavailable due to her medical condition – Ms. Vila has metastatic breast cancer and was undergoing chemotherapy. In support of her claim of unavailability, Plaintiff provided the Court with a letter from Ms. Vila's treating physician.[1] Specifically, the letter stated in relevant part, "The patient cannot attend court, trial sessions due to her medical conditions. Please afford her the appropriate

---

[1] Due to HIPAA considerations, Plaintiff elects to refrain from filing Ms. Vila's doctor's letter on the docket; however, Plaintiff is happy to provide the letter upon request.

4

accommodations." Despite receiving this letter from Ms. Vila's physician, the Court found that Plaintiff did not establish that Ms. Vila was unavailable. Tr. Trans. 420:16-18. The Court explained its rationale by speculating, "My bottom line conclusion is that the witness just doesn't want to come, not that she's unavailable." Id. 421:2-3. Moreover, the Court indicated, "I would be inclined, in normal circumstances, to give enormous weight to any doctor's statement and to presume that a doctor's statement of unavailability, if this is what it is, should carry great weight, and in most cases be determinative." Id. 424:5-9. It is unclear as to how or why the Court determined that Ms. Vila's medical condition falls outside of "normal circumstances."

Plaintiff made specific proffers of Ms. Vila's deposition testimony: 1) she joined Plaintiff in complaining to Defendant Cohen about Defendant Orantes' unwelcome sexual advances; 2) she personally experienced unwelcome sexual advances from Defendant Orantes; and 3) she personally observed Defendant Orantes make unwelcome sexual advances toward Plaintiff. Based on the foregoing, Ms. Vila's testimony was directly relevant to Plaintiff's claim for hostile work environment, as well as punitive damages.

As discussed at both trials, what is relevant to punitive damages under the Federal standard is different than what is relevant under the New York City standard. Plaintiff has claims under both Federal Law as well as New York City Law (and New York State Law). The standard under New York City law is "conscious disregard of the rights **of others** or conduct so reckless as to amount to such disregard" (*see Home Ins. Co.*, 75 N.Y.2d at 203–204, 551 N.Y.S.2d 481, 550 N.E.2d 930). *Chauca v. Abraham*, 30 N.Y.3d 325, 334, 89 N.E.3d 475, 481 (2017)" The standard under the federal law is "reckless indifference to the ... protected rights of **an aggrieved individual**." *Chauca v. Abraham*, 30 N.Y.3d 325, 332, 89 N.E.3d 475, 480 (2017). The significant difference is "disregard of the right of others" versus "rights of an aggrieved individual." Because

**the New York City standard concerns disregard to others, not just the plaintiff**, any prior act showing disregard for another's rights is relevant for punitive damages purposes, not just prior acts similar to the complained of acts or to the Plaintiff, him or herself. As a result of Ms. Vila's deposition testimony being precluded, Plaintiff's claim for damages was significantly prejudiced.

Lastly, we respectfully submit that the anonymous fax dated October 15, 2015 (the "Fax"), was admissible and improperly excluded (especially given that this piece of evidence was admitted in the first trial). During the first trial, we specifically indicated that the Fax was offered not for the trust of the matter asserted, but for proof of notice to the Defendants.[2] In response, the Court ruled, "So, I am going to receive this document in evidence. You have testimony here that it came to the office in October of 2015 and the plaintiff made a copy of it at that time but I can't underscore enough -- I think you have all got the point -- nothing in this letter can be taken for the truth -- nothing -- unless you had a witness on the stand, under oath, able to give you eyewitness testimony about the events at issue. Otherwise, it is just something that came over the fax machine. But, obviously, it is part of the history here. As the plaintiff has recounted it, this document was received in the office in 2015 while she was an employee and she is entitled to tell you about what occurred after it was received. If you believe it was received in the office at that time you are entitled to consider what happened as a result of it being received." See Ex. A, 107:17-108:6.

In the second trial, the letter was offered for the exact same purpose – the notice to Defendants that allegations of sexual harassment were raised against Defendant Orantes. However, the Court contradicted its prior ruling by determining that the Fax was inadmissible at the second trial. By preventing the jury from seeing the letter, it opened the door for Defendants to create

---

[2] *Gonzalez v. Digital Equip. Corp.*, 8 F. Supp. 2d 194, 199 (E.D.N.Y. 1998); see also *Crawford v. Tribeca Lending Corp.*, 815 F.3d 121, 126 (2d Cir. 2016) (*referencing George v. Celotex Corp.*, 914 F.2d 26, 30 (2d Cir.1990) (demonstrating notice is a permissible nonhearsay purpose)).

significant confusion as to the substance of the letter. Significantly, Defendant Orantes testified that the letter did not directly accuse him of sexual harassment. Tr. Trans. 335:2-17. Defendant Orantes blatantly perjured himself. The Fax specifically states, "For one, your company manager Mario Orantes has been using his power and influence to sexually harass the YOUNG female employees here." See Ex. C. Defendant Orantes' testimony intentionally obfuscated the nature of this complaint and may have directly impacted the jury's analysis of whether to award punitive damages. This is further evidenced by the jury's note, "Can we hear transcripts from the testimonies of Dr. Cohen & Mr. Orantes surrounding the fax sent to the office?" See Ex. E. Based on the foregoing, we respectfully submit that the Fax was improperly excluded and as a result Plaintiff is entitled to a new trial regarding damages only.

## II.     The Jury's Award Of Nominal Damages Is Not Supported By The Weight Of The Evidence

"Nominal damages are defined as a trifling sum awarded to a plaintiff in an action where there is no substantial loss or injury to be compensated, but still the law recognizes a technical invasion of his [or her] rights or a breach of the defendant's duty. These are formal damages as distinguished from real or substantial ones. Awards of 6 cents or $1 represent nominal damages." *Berney v. Adriance,* 157 App.Div. 628, 631–632, 142 N.Y.S. 748 [internal quotation marks omitted]; *see also Buchwald v. Waldron,* 183 A.D.2d 1080, 1081, 583 N.Y.S.2d 682)).

Plaintiff submits that the Court's instruction regarding nominal damages may have caused confusion among the jury. The jury charge states in relevant part, "You may also award nominal damages of one dollar if, upon finding that some injury resulted from the deprivation of Plaintiff's rights, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing." The trial record indicates that the jury struggled to reach a unanimous verdict, despite finding liability against all defendants.

It is well established that nominal damages may only be awarded only in the absence of proof of actual injury. *Fox v. City Univ. of New York*, 187 F.R.D. 83, 96 (S.D.N.Y. 1999); *see also Atkins v. New York City*, 143 F.3d 100, 104 (2d Cir. 1998). Here, Plaintiff put forth clear and uncontroverted evidence of significant emotional distress. Plaintiff testified in great detail that she suffered, for the first time, from panic attacks, depression and anxiety. Tr. Trans. 200:24-201:23. Plaintiff also discussed that Defendant Orantes' unrelenting and unwelcome sexual advances significantly impacted her ability to work, and even caused her to contemplate committing suicide. Id. 198:6-199:11. Moreover, despite the Court precluding Plaintiff from entering Dr. Lee's records into evidence, Plaintiff still testified that she met with a psychiatrist, Dr. Lee, for the first time in her life. Id. 204:5-11. Plaintiff began treatment while still employed by Defendants, from June 2015, until she became pregnant, some time in 2021. Id. 204:12-25.

Notably, Defendants failed to provide or adduce any evidence to contradict Plaintiff's evidence of emotional distress. Defendants never hired an expert, never requested an independent medical examination of Plaintiff, and never produced any evidence (in the form of documents or testimony) to rebut Plaintiff's claim for emotional distress. Plaintiff's damages were clear and uncontroverted.

In *Fox,* the Court held, "if a jury errs on damages to the extent that its verdict is irrational, egregiously wrong, or constitutes a miscarriage of justice, the district court may order a new trial on the question of damages under Rule 59(a). That is what happened in *Steinsvaag,* where the trial judge, granting plaintiff's motion for a partial new trial, held that "a reasonable jury applying the court's instructions could not find damages in such a low amount." 979 F.2d at 17. I have reached the same conclusion in the case at bar.187 F.R.D. 83, 93 (S.D.N.Y. 1999). *See also Nat'l Railroad Passenger Corp. v. Koch Indus., Inc.,* 701 F.2d 108, 110 (10th Cir.1983) ("While a grossly

inadequate award of damages by itself does not require retrying the liability issue, suspicion should be aroused if the jury awards only nominal damages ...").

The jury's verdict also raises the suspicion of an improper compromise verdict. "In some cases, a jury's notes contain indicia of disagreement on liability which, if quickly followed by a verdict for inadequate damages, support an inference of compromise." *Fox at* 95. During the second day of deliberations, the jury submitted a note stating, "What happens if we cannot make a unanimous decision?" See Ex. F. In response, the Court provided a modified Allen charge, instructing the jury that their decision must be unanimous. Tr. Trans. 499:17-21. Shortly thereafter, the jury returned a verdict, but only awarded Plaintiff nominal damages. As the jury's the award of nominal damages was fundamentally and conceptually inconsistent with the proof Plaintiff adduced at trial, Plaintiff's motion for a partial new trial on damages only should be granted.

## CONCLUSION

Plaintiff respectfully requests that the Court grant her motion for a new trial specifically on the issue of damages only, in accordance with FRCP 59(a)(1)(A), or in the alternative for an Order amending the judgment entered February 14, 2023, specifically on the issue of damages only, in accordance with FRCP 59(e), together with such other and further relief as this Court may deem just and proper.

Dated:      March 14, 2023
            New York, New York

                                Respectfully submitted,

                                DEREK SMITH LAW GROUP, PLLC
                                *Attorneys for Plaintiff*

                                /s/Zachary Holzberg
                                Zachary Holzberg
                                One Penn Plaza, Suite 4905
                                New York, New York
                                T: (212) 587-0760