UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

FORTESA QORROLLI,

                              Plaintiff,

         -against-

METROPOLITAN DENTAL ASSOCIATES,
D.D.S – 225 BROADWAY, P.C.,
METROPOLITAN DENTAL ASSOCIATES,
D.D.S., P.C.,
MARIO ORANTES, individually, and
DR. PAUL I. COHEN, individually,

                             Defendants.
-------------------------------------------------------------------X

Civ. Case No.:
1:18-cv-06836-DLC

*ORAL ARGUMENT*
*REQUESTED*

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A
NEW PARTIAL TRIAL REGARDING DAMAGES ONLY**

**DEREK SMITH LAW GROUP, PLLC**
**Zachary Holzberg**
**One Penn Plaza, Suite 4905**
**New York, New York 10119**
**(212) 587-0760**

i

Plaintiff Fortesa Qorrolli ("Plaintiff" and/or "Qorrolli") respectfully submits this Reply Memorandum of Law in support of her motion for a new trial specifically on the issue of damages only, in accordance with Fed. R. Civ. P. ("FRCP") 59(a)(1)(A), or in the alternative for an Order amending the judgment entered February 14, 2023, specifically on the issue of damages only, in accordance with FRCP 59(e), together with such other and further relief as this Court may deem just and proper. As illustrated by case law, documentary evidence, and the prior testimony and statements of the parties, there are several reasons as to why a new trial should be granted as a matter of law.

## PRELIMINARY STATEMENT

Defendants' Opposition (Dkt. No. 194) continues to raise arguments that obfuscate the issues and mislead this Court. In making these intentionally misleading and confusing statements regarding Plaintiff's evidence, Defendants attempt to create confusion, and then argue that the evidence should be excluded on the basis that it would confuse the jury. The only party confused is Defendants. Defendants are engaging in improper gamesmanship and these arguments should not be countenanced.

## ARGUMENT

**I.   Significant Evidentiary Issues Warrant A New Trial Regarding Damages Only**

Defendants blatantly misstate the record in an attempt to confuse and deceive the Court.

*Medical Records*

First, Defendants argue that the Court excluded Plaintiff's medical records during the first trial (which is not even at issue here) on the basis that Plaintiff failed to list any expert witnesses in her initial disclosures. This is a blatant lie. At the final pretrial conference on January 26, 2023, the Court indicated that the reason these records were not admitted was on the mistaken belief that

they were not certified – despite the fact that they were certified. See Ex. B 23:6-18. Moreover, even more ludicrous, Defendants disingenuously state, "it's unclear which actual medical records Plaintiff sought to admit…" This is an absolute farce. As discussed in our motion, on October 10, 2022, Plaintiff provided Defendants' counsel with the relevant medical records as well as Dr. Lee's certification of these records in accordance with Federal Rules of Evidence 803(6) and 902(11). Defendants' counsel responded to our proffer on October 20, 2022, "Having consulted the rules, I believe that the records you had certified and seek to have admitted into evidence at trial are in fact admissible. Therefore, I think we agree." See Ex. D. Nevertheless, the records were not admitted at the first trial. It is arguably **sanctionable conduct** for Defendants to argue that they were unclear as to which records Plaintiff sought to admit. It is abundantly clear from <u>their own email</u> that they were fully aware of which records Plaintiff sought to introduce and even agreed as to their admissibility.

Moreover, Defendants further obfuscate the record by completely misrepresenting Plaintiff's medical records. Defendants state, "the records indicate that this PTSD diagnosis is for a person who experienced a highly traumatic even *when he or she was six years old or younger*." Def. Mem. Pg. 6. Plaintiff's medical records include a diagnosis of "Post Traumatic Stress Disorder," under DSM-V - not DSM-IV (erroneously stated by Defendants). Moreover, the DSM-V code associated with Dr. Lee's diagnosis, "309.81 (F43.10)" appears as "PTSD (Incl. PTSD for Children 6 yrs. and younger)." The operative word here is **<u>including</u>** – meaning that the diagnosis **<u>may</u>** also encompass PTSD in children, but **<u>is not specific</u>** to children. The fact that this even needs to be explained is absurd. The record is devoid of any reference to Plaintiff suffering trauma as a child – because Plaintiff never suffered trauma as a child.

Next, Defendants assertion that Plaintiff "fled" from Kosovo and suffered emotional distress as a result is a complete fabrication that only feeds into this Court's misunderstanding. As discussed at the pretrial conference, the Court's reservation regarding Dr. Lee's diagnosis of Post-Traumatic Stress Disorder ("PTSD") is simply not supported by the record. Your Honor stated, "Ms. Qorrolli described symptoms of PTSD. She experienced a traumatic event, feelings of intense fear and helplessness were experienced. Now I don't know what that refers to. I don't know if it's her childhood experience of leaving Kosovo." See Ex. B 28:17-24. To the contrary, as raised during the conference, the record is devoid of any evidence that Plaintiff's emotional distress was attributable to anything other than her employment with Defendants. In fact, Plaintiff specifically testified that moving to the United States had "no effect," on her emotional state. Tr. Tx. 214:14-24. Defendants attempt to claim otherwise is completely disingenuous and frivolous – not only is it not supported by the evidence, it is directly contradicted by the evidence.

As noted to the Court, Dr. Lee's records specifically indicate that Plaintiff has <u>no past psychiatric history, no prior history of a psychiatric disorder, has never been psychiatrically hospitalized, and has never received outpatient mental health treatment</u>. Thus, it strains credulity that her diagnosis could be attributed to the conjured narrative by Defendants' counsel regarding Plaintiff moving to the United States as a child. Furthermore, Dr. Lee's notes clearly state that "Ms. Qorrolli attributes her depressive symptoms to problems in the workplace." Still, despite Your Honor's statement on January 26, 2023, that the Court was inclined to admit the records, on February 2, 2023, the Court perplexingly deemed the records entirely inadmissible (Dkt. No. 168).

Lastly, the records are sufficiently simple and do not require specialized knowledge or skill to understand. Plaintiff unambiguously established that she sought treatment with Dr. Lee as a result of her employment with Defendants. Dr. Lee's diagnoses of panic disorder, PTSD, and

major depressive disorder were based entirely on Plaintiff's employment – nothing else. As a result, we respectfully submit that Plaintiff's medical records were improperly excluded from evidence and a new trial regarding Plaintiff's damages is necessary.

<u>*Mercedes Vila Deposition Testimony*</u>

Once again, Defendants continue to make erroneous and misleading assertions to the Court. Defendants' Opposition states Ms. Vila's testimony was "irrelevant," and "essentially reputation evidence." This could not be further from the truth. Notably, Plaintiff made specific proffers of Ms. Vila's deposition testimony: 1) she joined Plaintiff in complaining to Defendant Cohen about Defendant Orantes' unwelcome sexual advances; 2) she personally experienced unwelcome sexual advances from Defendant Orantes; and 3) she personally observed Defendant Orantes make unwelcome sexual advances toward Plaintiff. Based on the foregoing, <u>Ms. Vila's testimony was directly relevant to Plaintiff's claim for hostile work environment, as well as punitive damages.</u> Ms. Vila's testimony directly corroborates Plaintiff's testimony, and further establishes that Defendants had notice of Defendant Orantes sexually harassing Plaintiff (and others). As a result of the Court erroneously precluding Ms. Vila's deposition testimony, Plaintiff's claim for damages was significantly prejudiced.

<u>*Anonymous Letter*</u>

The anonymous fax dated October 12, 2015 (the "Fax"), was admissible and improperly excluded (especially given that this piece of evidence was admitted in the first trial). Once again, Defendants disingenuously state that they "vehemently and repeatedly objected to its use at both trials." Notably, at the very beginning of the first trial, the parties met and conferred regarding Plaintiff's exhibit list and Defendants made **<u>no objection</u>**.

```
13            MR. HOLZBERG:  Your Honor, I conferred with Mr. Wims

14   regarding our exhibit list and it seems as though there is no

15   objection.

16            THE COURT:  Great.  Thank you.

17            (pause)

18            THE COURT:  Counsel, you can't leave right now.  We

19   are expecting a jury any moment.

20            MR. HOLZBERG:  Your Honor, if I may inquire?  When we

21   just advised your Honor with respect --

22            THE COURT:  Your adversary is approaching.  Yes, you

23   may, counsel.

24            MR. HOLZBERG:  Thank you.

25            When we just advised your Honor after conferring, was
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

MAo5qor1

```
1   that on record?

2            THE COURT:  Yes.

3            MR. HOLZBERG:  I just wasn't sure.  Thank you.
```

During the first trial, we specifically indicated that the Fax was offered not for the trust of

the matter asserted, but for proof of notice to the Defendants.[1] In response, the Court ruled, "So, I

am going to receive this document in evidence. You have testimony here that it came to the office

in October of 2015 and the plaintiff made a copy of it at that time but I can't underscore enough -

---

[1] *Gonzalez v. Digital Equip. Corp.*, 8 F. Supp. 2d 194, 199 (E.D.N.Y. 1998); see also *Crawford v. Tribeca Lending Corp.*, 815 F.3d 121, 126 (2d Cir. 2016) (*referencing George v. Celotex Corp.*, 914 F.2d 26, 30 (2d Cir.1990) (demonstrating notice is a permissible nonhearsay purpose)).

- I think you have all got the point -- nothing in this letter can be taken for the truth -- nothing -- unless you had a witness on the stand, under oath, able to give you eyewitness testimony about the events at issue. Otherwise, it is just something that came over the fax machine. But, obviously, it is part of the history here. As the plaintiff has recounted it, this document was received in the office in 2015 while she was an employee and she is entitled to tell you about what occurred after it was received. If you believe it was received in the office at that time you are entitled to consider what happened as a result of it being received." See Ex. A, 107:17-108:6.

In the second trial, the letter was offered for the exact same purpose – the notice to Defendants that allegations of sexual harassment were raised against Defendant Orantes. However, the Court contradicted its prior ruling by determining that the Fax was inadmissible at the second trial. By preventing the jury from seeing the letter, it opened the door for Defendants to create significant confusion as to the substance of the letter. **Significantly, Defendant Orantes testified that the letter did not directly accuse him of sexual harassment. Tr. Trans. 335:2-17. Defendant Orantes blatantly perjured himself.** The Fax specifically states, "For one, your company manager Mario Orantes has been using his power and influence to sexually harass the YOUNG female employees here." See Ex. C.  Defendant Orantes' testimony intentionally obfuscated the nature of this complaint and may have directly impacted the jury's analysis of whether to award punitive damages. This is further evidenced by the jury's note, "Can we hear transcripts from the testimonies of Dr. Cohen & Mr. Orantes surrounding the fax sent to the office?" See Ex. E. Based on the foregoing, we respectfully submit that the Fax was improperly excluded and as a result Plaintiff is entitled to a new trial regarding damages only.

## II.   The Jury's Award Of Nominal Damages Is Not Supported By The Weight Of The Evidence

"Nominal damages are defined as a trifling sum awarded to a plaintiff in an action where there is no substantial loss or injury to be compensated, but still the law recognizes a technical invasion of his [or her] rights or a breach of the defendant's duty. These are formal damages as distinguished from real or substantial ones. Awards of 6 cents or $1 represent nominal damages." *Berney v. Adriance,* 157 App.Div. 628, 631–632, 142 N.Y.S. 748 [internal quotation marks omitted]; *see also Buchwald v. Waldron,* 183 A.D.2d 1080, 1081, 583 N.Y.S.2d 682)).

Here, Defendants argue that a new trial should not be granted lightly. We could not agree more, and this contention supports our appeal regarding the Court's decision to grant a second trial. That being said, given the evidentiary rulings that essentially stripped Plaintiff's ability to present any evidence other than her testimony, Plaintiff should be entitled to a new trial specifically on the issue of damages. The trial record indicates that the jury struggled to reach a unanimous verdict, despite finding liability against all defendants.

It is well established that nominal damages may only be awarded only in the absence of proof of actual injury. *Fox v. City Univ. of New York*, 187 F.R.D. 83, 96 (S.D.N.Y. 1999); *see also Atkins v. New York City*, 143 F.3d 100, 104 (2d Cir. 1998). Here, Plaintiff put forth clear and uncontroverted evidence of significant emotional distress. Plaintiff testified in great detail that she suffered, for the first time, from panic attacks, depression and anxiety. Tr. Trans. 200:24-201:23. Plaintiff also discussed that Defendant Orantes' unrelenting and unwelcome sexual advances significantly impacted her ability to work, and even caused her to contemplate committing suicide. Id. 198:6-199:11. Moreover, despite the Court precluding Plaintiff from entering Dr. Lee's records into evidence, Plaintiff still testified that she met with a psychiatrist, Dr. Lee, for the first time in

her life. Id. 204:5-11. Plaintiff began treatment while still employed by Defendants, from June 2015, until she became pregnant, some time in 2021. Id. 204:12-25.

Notably, Defendants failed to provide or adduce any evidence to contradict Plaintiff's evidence of emotional distress. Defendants never hired an expert, never requested an independent medical examination of Plaintiff, and never produced any evidence (in the form of documents or testimony) to rebut Plaintiff's claim for emotional distress. Plaintiff's damages were clear and uncontroverted.

In *Fox,* the Court held, "if a jury errs on damages to the extent that its verdict is irrational, egregiously wrong, or constitutes a miscarriage of justice, the district court may order a new trial on the question of damages under Rule 59(a). That is what happened in *Steinsvaag,* where the trial judge, granting plaintiff's motion for a partial new trial, held that "a reasonable jury applying the court's instructions could not find damages in such a low amount." 979 F.2d at 17. I have reached the same conclusion in the case at bar.187 F.R.D. 83, 93 (S.D.N.Y. 1999). *See also Nat'l Railroad Passenger Corp. v. Koch Indus., Inc.,* 701 F.2d 108, 110 (10th Cir.1983) ("While a grossly inadequate award of damages by itself does not require retrying the liability issue, suspicion should be aroused if the jury awards only nominal damages ...").

As the jury's the award of nominal damages was fundamentally and conceptually inconsistent with the proof Plaintiff adduced at trial, Plaintiff's motion for a partial new trial on damages only should be granted.

## <u>CONCLUSION</u>

Plaintiff respectfully requests that the Court grant her motion for a new trial specifically on the issue of damages only, in accordance with FRCP 59(a)(1)(A), or in the alternative for an Order amending the judgment entered February 14, 2023, specifically on the issue of damages only, in

accordance with FRCP 59(e), together with such other and further relief as this Court may deem

just and proper.

Dated:        April 21, 2023
              New York, New York

                                    Respectfully submitted,

                                    DEREK SMITH LAW GROUP, PLLC
                                    *Attorneys for Plaintiff*

                                    /s/Zachary Holzberg
                                    Zachary Holzberg
                                    One Penn Plaza, Suite 4905
                                    New York, New York
                                    T: (212) 587-0760